UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW G. SULLIVAN, No. 15791-026,

    Petitioner,

  v.    Case No. 22-cv-1154-JPG

DANIEL SPROUL, Warden,

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Matthew G. Sullivan's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the United States Penitentiary at Marion, Illinois, where respondent Daniel Sproul is the warden.

As a preliminary matter, the Court **GRANTS** Sullivan's motion to exceed the page limit (Doc. 3) and allows his 78-page motion to stand. Further, the Court sees no need for oral argument at this time so **DENIES** Sullivan's motion for it (Doc. 4).

The factual background of Sullivan's criminal case in the Central District of Illinois, *United States v. Sullivan*, Case No. 12-cr-10115-JES-JEH (C.D. Ill.), is nicely set forth by the Court of Appeals for the Seventh Circuit in an appeal of one of his efforts to vacate his sentence:

> A grand jury indicted Matthew Sullivan for, among other things, conspiring to distribute more than 280 grams of cocaine base. The government notified Sullivan under 21 U.S.C. § 851 that it believed he had two prior "serious drug felony" convictions and so would face a mandatory life sentence for this conspiracy charge. *Id.* §§ 841(b)(1)(A), 846. Shortly before trial, however, Sullivan agreed to plead guilty to conspiracy if the government dismissed some other charges and amended its § 851 notice to list only one prior conviction—thereby reducing his minimum sentence from life to 20 years' imprisonment. More than that, the agreement provided that the district court would sentence him to 26 years' imprisonment. In exchange for these concessions, Sullivan waived his right to appeal or collaterally attack his conviction or sentence. The district court accepted the agreement and imposed the 26-year sentence.

*Sullivan v. Sproul*, No. 21-1505, 2021 WL 6197135, at *1 (7th Cir. June 9, 2021), *cert. denied,*

142 S. Ct. 1165 (2022).

Then Sullivan began his campaign to vacate his sentence based on cases decided after his sentencing. He first filed a motion under 28 U.S.C. § 2255 alleging his guilty plea was not knowing and voluntary because his counsel gave him deficient advice, but the court rejected that argument. *Sullivan v. United States*, No. 15-cv-1280-JES (C.D. Ill. July 8, 2015). District Judge James E. Shadid found that Sullivan's plea, including specifically the waiver of appeal and collateral attack rights, was knowing and voluntary.

His first § 2241 petition, *Sullivan v. True*, 17-cv-00640-DRH-CJP (S.D. Ill. June 20, 2017), was based on *Mathis*. There Sullivan challenged whether his two prior state felony drug convictions qualified as predicate "controlled substance offenses" for career offender purposes under U.S.S.G. § 4B1.1. District Judge David R. Herndon dismissed that petition in part as barred by the waiver in Sullivan's plea agreement.

In his second § 2241 petition, *Sullivan v. Sproul*, 19-cv-01277-NJR (S.D. Ill. Nov. 20, 2019), this time before Chief Judge Nancy J. Rosenstengel, Sullivan argued that *Mathis*, *Elder* and other recent cases established that neither of his prior drug convictions qualified as "serious drug felonies" for purpose of a statutory sentencing range enhancement under 21 U.S.C. § 841(b)(1)(B). Therefore, he argued, he never actually faced a mandatory life sentence and was instead only subject to a 10-year mandatory minimum sentence. Chief Judge Rosenstengel again enforced Sullivan's waiver and dismissed his § 2241 petition. Sullivan appealed, and the Court of Appeals affirmed the enforcement of Sullivan's waiver. *Sullivan v. Sproul*, No. 21-1505, 2021 WL 6197135, at *1 (7th Cir. June 9, 2021).

In the pending § 2241 petition, his third, Sullivan essentially makes the same arguments he made in his second petition—that he was wrong to believe he faced a life sentence—but adds

*United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), to his arsenal of support.  He believes that his inaccurate belief about exposure to a life sentence rendered his plea uninformed and involuntary.

In light of the fact that this is Sullivan's third § 2241 petition (the second one raising essentially the same issues) and that Sullivan has waived his right to collaterally attack his sentence, the Court will allow the Government an opportunity to seek dismissal on those (or any similar) grounds before the Court turns to other aspects of this case.  Accordingly, the Court **ORDERS** that the Government shall have 30 days from entry of this order to file a motion to dismiss; the motion need not address the merits of Sullivan's petition.  The petitioner shall have 30 days to respond, and the Government shall have 14 days to reply.  Only after 30 days have passed without a Government motion to dismiss or the Court has ruled on such a motion, whichever is later, will the Court turn to preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts.

**IT IS SO ORDERED.**
**DATED:  June 17, 2022**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**