UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW G. SULLIVAN, No. 15791-026,<br><br>      Petitioner,<br><br>   v.<br><br>DANIEL SPROUL, Warden,<br><br>      Respondent. | Case No. 22-cv-1154-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on respondent Daniel Sproul's motion to dismiss (Doc. 10) petitioner Matthew G. Sullivan's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The respondent argues, as other courts have found numerous times, that Sullivan waived his right to collaterally attack his sentence as part of his plea agreement. Sullivan has responded to the motion (Doc. 11). Because Sullivan waived his right to collaterally attack his sentence in his plea agreement, the Court will dismiss this § 2241 petition with prejudice.

**I.    Background**

In a prior order, the Court recounted the history of Sullivan's conviction and his previous attempts to overturn it:

> The factual background of Sullivan's criminal case in the Central District of Illinois, *United States v. Sullivan*, Case No. 12-cr-10115-JES-JEH (C.D. Ill.), is nicely set forth by the Court of Appeals for the Seventh Circuit in an appeal of one of his efforts to vacate his sentence:
>
>> A grand jury indicted Matthew Sullivan for, among other things, conspiring to distribute more than 280 grams of cocaine base. The government notified Sullivan under 21 U.S.C. § 851 that it believed he had two prior "serious drug felony" convictions and so would face a mandatory life sentence for this conspiracy charge. *Id.* §§ 841(b)(1)(A), 846. Shortly before trial, however, Sullivan agreed to plead guilty to

> conspiracy if the government dismissed some other charges and amended its § 851 notice to list only one prior conviction—thereby reducing his minimum sentence from life to 20 years' imprisonment. More than that, the agreement provided that the district court would sentence him to 26 years' imprisonment. In exchange for these concessions, Sullivan waived his right to appeal or collaterally attack his conviction or sentence. The district court accepted the agreement and imposed the 26-year sentence.
>
> *Sullivan v. Sproul*, No. 21-1505, 2021 WL 6197135, at *1 (7th Cir. June 9, 2021), *cert. denied,* 142 S. Ct. 1165 (2022).
>     Then Sullivan began his campaign to vacate his sentence based on cases decided after his sentencing. He first filed a motion under 28 U.S.C. § 2255 alleging his guilty plea was not knowing and voluntary because his counsel gave him deficient advice, but the court rejected that argument. *Sullivan v. United States*, No. 15-cv-1280-JES (C.D. Ill. July 8, 2015). District Judge James E. Shadid found that Sullivan's plea, including specifically the waiver of appeal and collateral attack rights, was knowing and voluntary.
>     His first § 2241 petition, *Sullivan v. True*, 17-cv-00640-DRH-CJP (S.D. Ill. June 20, 2017), was based on *Mathis*. There Sullivan challenged whether his two prior state felony drug convictions qualified as predicate "controlled substance offenses" for career offender purposes under U.S.S.G. § 4B1.1. District Judge David R. Herndon dismissed that petition in part as barred by the waiver in Sullivan's plea agreement.
>     In his second § 2241 petition, *Sullivan v. Sproul*, 19-cv-01277-NJR (S.D. Ill. Nov. 20, 2019), this time before Chief Judge Nancy J. Rosenstengel, Sullivan argued that *Mathis*, *Elder* and other recent cases established that neither of his prior drug convictions qualified as "serious drug felonies" for purpose of a statutory sentencing range enhancement under 21 U.S.C. § 841(b)(1)(B). Therefore, he argued, he never actually faced a mandatory life sentence and was instead only subject to a 10-year mandatory minimum sentence. Chief Judge Rosenstengel again enforced Sullivan's waiver and dismissed his § 2241 petition. Sullivan appealed, and the Court of Appeals affirmed the enforcement of Sullivan's waiver. *Sullivan v. Sproul*, No. 21-1505, 2021 WL 6197135, at *1 (7th Cir. June 9, 2021).

Mem. and Order 1-2, June 23, 2022 (Doc. 5).

II.   **Analysis**

In his third § 2241 petition—the one currently before the Court—Sullivan makes the same arguments he made in his second petition—that he was wrong to believe he faced a life sentence—but adds *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021), to his arsenal of support. *Ruth* found that, under the categorical approach, prior

2

Illinois cocaine convictions could not be used to support enhanced sentencing ranges under 21 U.S.C. § 841(b)(1) because Illinois's definition of cocaine was broader than the federal definition.  Sullivan believes that his inaccurate belief about exposure to a life sentence—inaccurate only in retrospect after a change in the law but accurate based on the law at his guilty plea—rendered his plea uninformed and involuntary.  The respondent urges the Court to dismiss Sullivan's third § 2241 petition for the same reasons his other § 2241 petitions were dismissed: he waived his right to file such collateral attacks as a provision of his plea agreement.

The Court will dismiss Sullivan's third § 2241 petition because he waived his right to file such a collateral attack.  In the appeal of his second § 2241 motion, the Court of Appeals for the Seventh Circuit held that Sullivan's waiver was valid and enforceable even though the law had changed since he entered into his plea agreement.  Specifically, the Court of Appeals held:

> Sullivan voluntarily traded his opportunity to challenge his sentence for significant concessions from the government, and he cannot reverse that agreement just because he now thinks his bargain was not as good as it could have been.  As the district court recognized, "[a] defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended . . . the likely penalties attached to alternative courses of action." *Brady v. United States*, 397 U.S. 742, 757 (1970).  To the contrary, a primary purpose of express collateral-attack waivers like Sullivan's is "to account in advance for unpredicted future developments in the law." *Oliver v. United States*, 951 F.3d 841, 847 (7th Cir. 2020).

*Sullivan v. Sproul*, 2021 WL 6197135, at *1.  The Court need not retread ground Chief Judge Rosenstengel and the Court of Appeals have already covered.  Both confirmed that Sullivan's collateral attack waiver is enforceable, and Sullivan adds no new compelling argument for revisiting that decision.  This ruling is the death knell for Sullivan's current petition; § 2241 remains unavailable to him because he bargained that right away.

The Court of Appeals in Sullivan's appeal further distinguished instances where a defendant was allowed to attack his sentence under § 2241 because, unlike Sullivan, they were

actually innocent of their crimes after a post-conviction change in the law. *Id.* (citing *Fiore v. White*, 531 U.S. 225 (2001); *Bousley v. United States*, 523 U.S. 614 (1998)). Sullivan is not claiming to be actually innocent of his crime of conviction in light of a change in the law. On the contrary, he just seeks a lower sentence for his undoubtedly illegal conduct.[1]

### III.   Conclusion

For the foregoing reasons, the Court **GRANTS** the respondent's motion to dismiss (Doc. 10), **DISMISSES** Sullivan's § 2241 petition **with prejudice** (Doc. 1), and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  September 12, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] The Court notes that Sullivan's current sentence of 312 months is within the statutory range with or without the recidivism enhancement. *See* 21 U.S.C. § 841(b)(1)(A) (not less than 10 years without an enhancement).