UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW G. SULLIVAN, No. 15791-026,

    Petitioner,

  v.

DANIEL SPROUL, Warden,

    Respondent.

Case No. 22-cv-1154-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Matthew G. Sullivan's motion for reconsideration (Doc. 14) of the Court's September 12, 2022, order and judgment (Docs. 12 & 13) dismissing his petition under 28 U.S.C. § 2241 (Doc. 1).

Sullivan's § 2241 petition was his most recent effort to overturn his federal drug conviction after he pled guilty under Federal Rule of Criminal Procedure 11(c)(1)(C) pursuant to a binding agreement in which he waived his right to file a collateral attack. In this and other cases, he sought to take advantage of later statutory and caselaw changes to obtain a sentence lower than the one to which he and the Government agreed. Repeatedly courts have found he had waived his right to collaterally attack his sentence and have dismissed those challenges. This Court joined the chorus on September 12, 2022. In his current motion for reconsideration, Sullivan reiterates many of the same arguments he has advanced in the past regarding why his current arguments fit within an exception to his waiver for challenges related directly to the negotiation of the waiver itself.

The Court construes Sullivan's motion to be under Federal Rule of Civil Procedure 59(e) since he mailed it within 28 days of entry of judgment. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions

filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).  A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709.  The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted).  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In his motion, Sullivan points to no newly discovered material evidence, intervening changes in the controlling law, or manifest error of law or fact.  He simply continues to disagree with the conclusion of a number of courts, including this one, that he waived his right to file a collateral attack when he entered into a binding plea agreement pursuant to Rule 11(c)(1)(C).  Reconsideration of the Court's September 12, 2022, order and judgment is not warranted on this

basis.

For this reason, the Court **DENIES** Sullivan's motion for reconsideration (Doc. 14).  If Sullivan wishes to appeal the judgment in this case or this decision, he must file a notice of appeal with this Court within 60 days of entry of this order.  Fed. R. App. P. 4(a)(1)(B) & 4(a)(4).

**IT IS SO ORDERED.**
**DATED:  November 15, 2022**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**