UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW G. SULLIVAN, No. 15791-026,

    Petitioner,

v.

DANIEL SPROUL, Warden,

    Respondent.

Case No. 22-cv-1154-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Matthew G. Sullivan's second motion for reconsideration (Doc. 24) of the Court's September 12, 2022, order and judgment (Docs. 12 & 13) dismissing his petition under 28 U.S.C. § 2241 (Doc. 1). He also asks for leave to proceed *in forma pauperis* in his pending appeal, No. 23-1133 (Doc. 24).

**I.    Motion for Reconsideration**

The Court construed Sullivan's first motion for reconsideration under Federal Rule of Civil Procedure 59(e) since he mailed it within 28 days of entry of judgment. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion."). He mailed the pending motion more than 28 days after entry of judgment, so the Court considers it under Federal Rule of Civil Procedure 60(b). *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) ("When a motion is filed more than 28 days after the entry of judgment, whether the movant calls it a Rule 59(e) motion or a Rule 60(b) motion, we treat it as a Rule 60(b) motion."). A district court does not have jurisdiction to grant a Rule 60(b) motion filed while the case is on appeal. *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999). It does, however, have jurisdiction to deny such a motion, and should do so expeditiously if the motion appears to be without merit. *Id.*

Sullivan's motion is without merits. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

The Court has reviewed Sullivan's motion and finds that he alleges the Court made legal errors, he rehashes old arguments, and he presents arguments he could have made before judgment. Rule 60(b) is not an appropriate vehicle for raising such arguments. Accordingly, the Court will deny Sullivan's motion for reconsideration (Doc. 24).

**II.     Motion for Leave to Proceed on Appeal** *In Forma Pauperis*

Sullivan already asked the Court once for leave to proceed on appeal *in forma pauperis*, and the Court denied that request (Doc. 22). Rather than asking this Court again, Sullivan's next step is to file a motion with the Court of Appeals pursuant to Federal Rule of Appellate Procedure 24(a)(5). The Court will transfer this portion of his pending motion to the Court of Appeals for its consideration.

**III.    Conclusion**

For the foregoing reasons, the Court:

- **DENIES** Sullivan's second motion for reconsideration (Doc. 24);

- **TRANSFERS** the portion of his motion seeking leave to proceed on appeal *in forma pauperis* to the Court of Appeals for consideration in connection with Appeal No. 23-1133 (Doc. 24);

- **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for consideration in connection with Appeal No. 23-1133; and

- **TERMINATES** the motion before this Court (Doc. 24).

**IT IS SO ORDERED.**
**DATED: February 22, 2023**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**